## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made as of the 22nd day of February, 2018, between and among Sandy Rodriguez Nunez ("Plaintiff"), and Luciano Shipping, Inc. and Marcos Luciano (collectively, "Defendants");

**WHEREAS**, on April 20, 2017, Plaintiff filed a Complaint against Defendants in the United States District Court for the Southern District of New York, encaptioned *Nunez v. Luciano Shipping, Inc.*, Docket No. 17-cv-694(WHP) (S.D.N.Y. filed April 4, 2017) (the "Action") in which Plaintiff asserted violations of the Fair Labor Standards Act of 1938, and the New York State Labor Law for the alleged underpayment of minimum wages, premium overtime wages and for statutory damages under the New York Wage Theft Prevention Act.

**WHEREAS**, the Defendants deny the allegations raised in the Action in their entirety;

**WHEREAS**, Plaintiff and Defendants wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation and wish to settle this matter by agreeing as follows:

1. **Consideration to be provided to Plaintiff.**

Subject to the approval of this Agreement by the Court trying the Action in accordance with the paragraph 5 of this Agreement, in consideration for the promises made by Plaintiff set

forth in the Agreement, Defendants agree to pay Plaintiff the total sum of Twenty-Four Thousand Dollars and Zero Cents ($24,000.00): as follows.

    a.    One check payable to Sandy Rodriguez Nunez in the gross amount of $4,423.17 representing unpaid wages from which standard income tax withholdings and other standard payroll withholdings shall be taken. Said income will be reportable to Plaintiff via an IRS Form W-2.

    b.    One check payable to Sandy Rodriguez Nunez in the gross amount of $9,576.73 representing statutory damages, liquidated damages, and prejudgment interest from which no withholdings shall be taken. Said income will be reportable to Plaintiff via an IRS Form 1099 or 1099 (Misc.).

    c.    One check payable to the Law Office of Justin A. Zeller, P.C. in the gross amount of $10,000 representing reasonable attorneys fees and the costs and disbursements of this action expended on Plaintiff's behalf, from which no withholdings shall be taken. Said income will be reportable to Plaintiff and the Law Office of Justin A. Zeller, P.C. via an IRS Form 1099 or 1099 (Misc.).

The payments set forth above shall be made no later than the 30th day after: (1) the Court approves of this Agreement; (2) enters the parties' executed Stipulation of Discontinuance with Prejudice as contemplated by paragraph 5 of this Agreement; or, (3) Defendants' counsel receives executed IRS W9 and W4 forms from the Plaintiff and a fully completed and executed IRS W9 form from the Law Office of Justin A. Zeller, P.C., whichever is later, by delivering

same to the Law Office of Justin A. Zeller, P.C. 277 Broadway, Suite 408, New York, NY 10007-2036. Should the Court disapprove of the Agreement and the parties do not remedy any issues identified by the Court barring approval of this Agreement, this Agreement will be void and of no effect and Defendants shall not be required to make the payments contemplated by this paragraph.

The parties agree that Plaintiff shall be solely and individually responsible for the payment of any and all taxes due on the consideration described in this paragraph, and Plaintiff also agrees to indemnify and hold Defendants harmless from any and all expenses that may be incurred by Defendants due to any failure by Plaintiff to pay any taxes owed.

2. **Adequate consideration.**

Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 1 of the Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This valuable consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims arising under the Fair Labor Standards Act of 1938 and the New York State Labor Law for the nonpayment or underpayment of wages, benefits or other compensation and for violations of the New York Wage Theft Prevention Act including, but not limited to, those for alleged unpaid wages, lost wages, benefits or other compensation, liquidated damages, statutory penalties or interest, attorneys' fees, costs, and any other relief which Plaintiff may have in the Action or any other proceeding against Defendants. Plaintiff

expressly agrees and acknowledges that Defendants have promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by Plaintiff in the Agreement.

3. **Release**

In consideration for the payments to be provided pursuant to Paragraph 1 above, Plaintiff, for himself and for his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), except as provided in Paragraph 4, forever releases and discharges the Defendants, their parents, subsidiaries, affiliates, officers, directors, employees, heirs, executors, administrators, trustees, legal representatives, successors and assigns, from any and all claims, demands, causes of action, fees and liabilities arising under the Fair Labor Standards Act of 1938 and the New York State Labor Law for the nonpayment or underpayment of wages, benefits or other compensation and for violations of the New York Wage Theft Prevention Act, whether known or unknown, from the beginning of the world up to and including the execution date of this Agreement. Those claims released include, but are not limited to claims for alleged unpaid wages, lost wages, benefits or other compensation, liquidated damages, statutory penalties or interest, attorneys' fees, costs, breach of contract (express or implied) with respect to the payment of wages, unjust enrichment with respect to the payment of wages, retaliation or wrongful discharge under the Fair Labor Standards Act of 1938 of the New York State Labor Law with respect to a complaint about wages, unpaid or underpaid rest or meal breaks, spread of hours compensation, uniform cleaning allowances, call-in pay, and

recordkeeping. Plaintiff further acknowledges that he may later discover facts in addition to, or different from, those which he now knows or believes to be true with respect to the subject matter of the Agreement. Plaintiff agrees that any such difference in the facts shall not affect the Agreement, that the Plaintiff assumes the risk of any such difference in the facts, and that he further agrees that the Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

4.  **Claims Not Released**

Notwithstanding the foregoing, Releasors are not waiving or releasing: (i) any claims arising after Plaintiff signs this Agreement; (ii) any claims which may arise in order to enforce this Agreement; and/or (iii) any claims or rights which cannot be waived by law.

5.  **Filing of Stipulation of Discontinuance and Court Approval**

Upon the execution of this Agreement, counsel for both parties agree to execute a Stipulation of Discontinuance with Prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and to submit said stipulation and this Agreement to the Court trying the Action for its approval in accordance with applicable law. Should the Court not approve of the Agreement, the Agreement shall become null and void in all respects unless modified by the Court with the joint approval of the parties' counsel.

6.  **No Admission of Liability**

The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing

by Defendants. Defendants expressly deny that they engaged in any wrongdoing of any kind with respect to Plaintiff.

**7.     No Disputes Pending or Assigned.**

Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Defendants relating to the claims released by this Agreement. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

**8.     Governing Law and Interpretation**

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

**9.     Severability**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

10. **Disputes; Damages**

In the event of a dispute as to the interpretation, application, or violation of the Agreement, it is understood and agreed that such dispute shall be resolved before the Court trying the Action and, in that light, all parties waive any defenses to any such dispute based upon personal or subject matter jurisdiction, and agree that the Court shall retain continuing jurisdiction over this Action for the purposes of any such dispute. In any dispute concerning an alleged breach of the Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

11. **Advice of Counsel**

Plaintiff and Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that each has consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

12. **Voluntary Agreement**

The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

13. **Entire Agreement**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties. This is an all-inclusive Agreement and the parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them.

14. **Modifications and Amendments**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by Plaintiff and Defendants.

15. **Counterparts / Electronic Transmissions**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiff and Defendants have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

16. **Section Headings**

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

**WHEREFORE**, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

SANDY RODRIGUEZ NUNEZ

Signature: _____
Date: 2/19/18

MARCOS LUCIANO

Signature: _____
Date: 3/15/18

LUCIANO SHIPPING, INC.

Name and Title: MARCOS LUCIANO, PRESIDENT
Signature: _____
Date: 3/15/18